**SO ORDERED.**

**SIGNED July 20, 2012.**



---
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

BASS, LTD.,                                    CASE NO. 11-51393

     Debtor                                    Chapter 11

------------------------------------------------------------------
BASS, LTD.,

     Plaintiff

VERSUS                                         ADVERSARY NO. 11-05048

CITY OF NEW IBERIA and
SPANISH TOWN INVESTMENTS, LLC,

     Defendants

------------------------------------------------------------------
                        MEMORANDUM OPINION
------------------------------------------------------------------
```

The core issue before the court is whether to remand this removed action to state court on the grounds that the only remaining claims are purely state law claims. This case involves a dispute between debtor Bass, Ltd. ("Bass") and the City of New

Iberia (the "City") over a billboard lease.  The City currently owns land that is subject to a recorded billboard lease with Bass. The City plans to use that land in connection with a municipal construction project.  Bass originally entered into the lease with Segura Enterprises, Ltd.  Segura subsequently sold the leased property to Spanish Towne Development, LLC.  Spanish Towne ultimately sold the property to the City.  Despite the presence of a right of first refusal in the lease, Bass was not informed of these sales at the time that each sale occurred, nor was Bass afforded the opportunity to exercise its right of first refusal. Nevertheless, Bass did not challenge any of the sales at the time that they occurred, but instead tendered lease payments to the new owners.  The present dispute arose when the City attempted to terminate the lease in April and May 2011.  Bass ultimately filed suit against the City and Spanish Towne in the 16th JDC, Parish of New Iberia, seeking declaratory relief and money damages.  This state case was removed after Bass filed for relief under Chapter 11 of the Bankruptcy Code in September 2011.

This removed action touched on two key issues arising in the bankruptcy case.  First, the City argued that the lease was terminated pre-petition and, accordingly, was not property of the Chapter 11 estate subject to acceptance under 11 USC § 365.  Bass took the position that the lease was not terminated pre-petition

-2-

and that it was subject to assumption under section 365. Second, Bass filed a motion to assume the lease. This motion was administratively consolidated with this adversary proceeding. The court resolved the first bankruptcy issue pursuant to a motion for summary judgment filed by the City. The court ruled that Bass waived its right to challenge the City's ownership of the leased land based on the right of first refusal. The court, however, further ruled that the City had not complied with the lease's termination provisions pre-petition and that the lease was property of the estate. The court then granted Bass' motion to assume the lease. With the resolution of these issues, all matters that could be deemed core proceedings – i.e. whether or not the lease was estate property under 11 U.S.C. § 541 and whether the debtor could assume the lease under section 365 – were resolved. All that remain are purely state law claims, the resolution of which are not necessary to the progress of the bankruptcy case

Following the resolution of the bankruptcy questions in this case, the court requested statements from the parties on whether the court should abstain from deciding the remaining claims and remand the case to state court. The City and Spanish Towne requested that the court abstain from deciding the remaining issues in the case and that the case be remanded in light of <u>Stern v. Marshall</u>, \_\_\_\_\_US \_\_\_\_\_, 131 S.Ct. 2594 (2011). Bass appears to

-3-

agree with the City and Spanish Towne that abstention and remand is appropriate. 28 USC § 1334(c) governs abstention in bankruptcy cases. Section 1334(c)(1) outlines the grounds for permissive abstention. Section 1334(c)(2) covers mandatory abstention. The court need not address mandatory abstention under section 1334(c)(2) because the court concludes that permissive abstention is appropriate under section 1334(c)(1). Section 1334(c)(1) provides that a court may abstain from a bankruptcy matter "in the interest of justice, or in the interest of comity with State courts or respect for State law." Here, all the matters remaining in the case are purely non-core state law matters. Under <u>Stern v. Marshall</u>, the court lacks authority to enter final orders or judgments with respect to these claims. Accordingly, the court will ABSTAIN from hearing these claims and REMAND the case to the 16th JDC in Iberia Parish pursuant to 28 U.S.C. §§ 1334(c) and 1452(b).

The remaining question for the court is whether the City is entitled to stay relief to pursue its counterclaim against Bass upon remand. Bass opposes this relief, although Bass concedes that it intends to pursue its claims against the City and Spanish Towne. The City requested relief from the stay in its Motion to Reject the Bass lease. The court agrees with the City that it is entitled to relief from the stay to pursue its counterclaim against Bass as set

-4-

forth below.  See Kroken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings), 273 B.R. 374, 407 (Bankr. E.D.Pa. 2002)(granting abstention and lifting stay).  The court previously denied the City's Motion to Reject without specifically addressing the request for stay relief.  The court MODIFIES its prior ruling on the Motion to Reject to the extent that it is deemed a denial of stay relief.  The court GRANTS the City's request for stay relief.  Relief is granted with respect to the remaining claims in the case.  The City's counterclaim seeks a declaration of its termination rights and a declaration that the lease was terminated pre-petition.  The court has already resolved the question of pre-petition termination.  However, to the extent that the counterclaim seeks a declaration of the City's prospective right to terminate the lease, the court grants the City relief from the stay to pursue this claim in the 16TH JDC.

Mr. Aguillard shall submit an order in conformity with the foregoing reasons to be approved as to form by counsel for the Debtor.

###